IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GERALD D. HILL, JR.                                                          PLAINTIFF

v.                           CIVIL NO. 2:18-CV-2061

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gerald D. Hill, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on December 7, 2015, and January 13, 2016, respectively, alleging an inability to work since July 2, 2015, due to back pain, asthma, arthritis, polycythemia (overproduction of blood), severe pain in both feet, high blood pressure, slow learner, trouble reading and writing, proctitis (inflammation in rectum), and trouble hearing. (Tr. 67-68, 80-81, 95-96, 109-110). For DIB purposes, Plaintiff

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

maintained insured status through December 31, 2019.  (Tr. 67, 80, 95). An administrative hearing was held on November 21, 2016, at which Plaintiff and a vocational expert testified. (Tr. 45-64).

By written decision dated November 28, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of degenerative disc disease, foot problems, reading problems, and hearing problems.  (Tr. 18).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 18).  The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except for the following:  Plaintiff was able to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; Plaintiff could sit, stand, and walk six hours in an eight-hour workday; Plaintiff was capable of foot control operation on a bilateral basis frequently; and Plaintiff was limited to jobs that did not require complex written communication or excellent hearing.  (Tr. 20).  With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform his past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a hand packager and a janitor.  (Tr. 25).  The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from July 2, 2015, through the date of the decision.  (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence submitted by the Plaintiff, denied that request on

March 16, 2018.[2] (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

---

[2] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

3

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 14th day of March, 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE